# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JARRETT TAPP, | ) | CASE NO. 5:19-cv-122 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| BOB EVANS RESTAURANTS, LLC, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Bob Evans Restaurants, LLC, ("Bob Evans") to dismiss the amended complaint. (Doc. No. 16.) Plaintiff Jarrett Tapp ("Tapp") opposed the motion (Doc. No. 17) and Bob Evans filed a reply (Doc. No. 18). For the reasons stated below, Bob Evans' motion to dismiss the amended complaint is GRANTED and this action is dismissed.

## I. BACKGROUND

Tapp was employed as a server at the Bob Evans restaurant in Wooster, Ohio, from May 15, 2013, until October 8, 2018. (Doc. No. 15, Amended Complaint ["Am. Compl."] ¶ 3.) Beginning in December 2015, Tapp initiated a series of complaints to Bob Evans restaurant managers and corporate officers. These complaints alleged that Tapp was required to do the work of two people while being paid only for his primary job; Bob Evans held tips left on credit cards until the server's next pay check; Bob Evans began serving sausage gravy and soup in smaller

bowls without a price adjustment; and adult restaurant employees in two different restaurants had been involved with other employees, which Tapp believed to have been under the age of eighteen. (*Id.* ¶¶ 5, 7–8, 10, 13.) The restaurant Director of Operations and the Human Resources Manager met with Tapp multiple times in attempts to address Tapp's grievances, but Tapp was not satisfied with the results. (*Id.* ¶¶ 13–15.)

Instead, Tapp attempted to organize a union among his fellow employees. He sent letters to other Bob Evans restaurants informing them that in the future, there may come a time when employees may convene in their stores with the intent of disrupting sales and guest relations. (*Id.* ¶ 11.) Bob Evans Human Resource Manager John Haslinger ("Haslinger") informed Tapp that his first duty of employment was to protect the brand. (*Id.* ¶ 13.) Undeterred, Tapp posted accusations against Bob Evans on social media. (*Id.* ¶ 17.) Tapp then sent a "settlement request" to Bob Evans in which Tapp requested that corporate officers admit to their role in the allegations listed in his request. (*Id.* ¶¶ 19–20.) No corporate officers responded to the request. (*Id.* ¶ 20.) Shortly thereafter, Bob Evans terminated Tapp's employment. (*Id.* ¶ 21.)

Tapp asserts three claims for relief: (1) racketeering/larceny; (2) coercing/inducing; and (3) retaliation/harassment.[1] Tapp relies on eighteen different federal and state statutes, including criminal, military, fair housing, and California statutes, to support his claims. Bob Evans asserts that Tapp lacks standing to assert claims under the criminal, military, fair housing, and California statutes, and fails to state a claim for relief under the remaining statutes.

---

[1] In his original complaint, Tapp claimed he was a whistleblower and that he was terminated for exercising his rights under the National Labor Relations Act. (Doc. No. 1-1, Complaint at 14.) Tapp abandoned that claim in his amended complaint.

2

## II. STANDARD OF REVIEW

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co. v. Caribbean Utils. Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975) (per curiam). All allegations of fact by the nonmoving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998) (citing *Meador v. Cabinet for Human Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A plaintiff "generally need not plead the lack of affirmative defenses to state a valid claim. *See* Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of *the claim*" (emphasis added)); *see also Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004) ("A complaint need not anticipate every defense and accordingly need not plead every response to a potential defense."). Even in the wake of *Iqbal* (and *Twombly*), a party "is not required to anticipate and respond to every affirmative defense that a defendant may choose to assert. To find otherwise would require a complaint to address and overcome every possible affirmative defense." *Rumpz v. Am. Drilling & Testing, Inc.*, No. 09-10971, 2009 WL 3464826, at *6 (E.D. Mich. Oct. 23, 2009); *see Jones v. Bock*, 549 U.S. 199, 216–17, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) (finding a complaint need not refute affirmative defenses).

In entertaining a Rule 12(b)(6) motion, the Court may consider documents that are referenced in the pleadings and are integral to the claims, without converting the motion to one for summary judgment. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)); *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007).

### III. ANALYSIS

#### A. Racketeering/Larceny

Tapp first claims racketeering/larceny based on Bob Evans' practice of paying credit card tips to servers in their regular paychecks and not on a daily basis. (Am. Compl. at 118–19[2] (Count 1).) Tapp seeks relief under nine different statutes, six of which are federal or state criminal law

---

[2] All page number references are to the page identification number generated by the Court's electronic docketing system.

statutes. Absent unusual circumstances, an individual, like Tapp, possesses no private right of action based on alleged violations of criminal statutes. *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008) (per curiam) ("'[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973))).

Tapp also claims relief under 10 U.S.C. § 921, part of the Uniform Code of Military Justice, which provides protection only to members of the armed forces. This statute is also inapplicable to the facts of this case.

This leaves Tapp's claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"),18 U.S.C. § 1964(c), and Ohio's RICO statute, Ohio Revised Code § 2923.34(A). Pursuant to 18 U.S.C. § 1964(c), RICO provides a private right of action for "[a]ny person injured in his business or property by reason of a violation of [18 U.S.C. § 1962.]" In turn, § 1962 states in relevant part:

> (c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.
>
> (d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection . . . (c) of this section.

At the outset, RICO specifies that it is unlawful for a "person" employed or associated with an "enterprise" to participate in the "enterprise's" affairs through a pattern of racketeering. Under RICO, a corporation cannot be both the "enterprise" and the "person" conducting or participating in the affairs of that enterprise. *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1489 (6th Cir.1989). Further, under the "non-identity" or "distinctness" requirement, a corporation may not be liable

5

under § 1962(c) for participating in the affairs of an enterprise that consists only of its own subdivisions, agents, or members. In other words, an organization cannot join with its own members to undertake regular corporate activity and in doing so become an enterprise distinct from itself. *See In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 490 (6th Cir. 2013). Thus, Bob Evans cannot be the person if it is also the enterprise as Tapp suggests.

Furthermore, Tapp has failed to identify a "pattern of racketeering activity." Under RICO, a "pattern of racketeering activity" requires allegations that the defendant committed at least two predicate offenses listed in §1961(1). The only "racketeering activity" Tapp claims is a violation of 18 U.S.C. § 1956(a)(1)(B)(i)(ii) for money laundering. Under § 1956(a)(1), for an action to be considered money laundering, the funds in question must be proceeds of "unlawful activity." *United States v. Hayes*, 800 F. Supp. 1575, 1577–78 (S.D. Ohio 1992), *vacated on other grounds by Hayes v. United States*, No. 92-3950, 1993 WL 64138 (6th Cir. Mar. 9, 1993). Tipping restaurant servers is not unlawful activity. Tapp does not allege facts plausibly suggesting Bob Evans engaged in money laundering of server tips paid by credit card and, thus, Tapp cannot maintain his claims under RICO.[3]

### B. Coercing/Inducing

Second, Tapp claims coercing/inducing based on his allegation that he was required to serve smaller portions to customers. (Am. Compl. at 120 (Count 2).) Tapp claims he was threatened with disciplinary action if he did not meet his sales goals. (*Id.*) He asserts violation of

---

[3] Tapp cannot maintain a claim under the Ohio RICO statute either because the Ohio RICO statute also requires the plaintiff to establish that the conduct of the defendant involves the commission of two or more specifically prohibited state or federal criminal offenses and that the defendant has participated in the affairs or an enterprise or has acquired and maintained an interest in or control of an enterprise that exists separate and apart from the defendant. *Bradley v. Miller*, 1:10-cv-760, 2012 WL 4447454, at *4 (S.D. Ohio Sept. 25, 2012) (citing *Hall v. CFIC Home Mtg.*, 888 N.E.2d 469 (Ohio Ct. App. 2008)).

six statutes; however, none of these statutes provide a viable cause of action. Two statutes are Ohio criminal statutes, which do not provide a private right of action in a civil case. *Booth*, 2008 WL 4093498, at *1. The third statute cited is again the Uniform Code of Military Justice. In addition to these, Tapp cites to inapplicable portions of the Family and Medical Leave Act, 5 U.S.C. § 6385 and the Fair Housing Act, 42 U.S.C. § 3617. Tapp also cites a California state statute, which does not provide a basis for relief in this cause of action because this action no substantive ties to California.[4] Tapp has failed to state any plausible basis for a civil claim of coercing or inducing.

### C. Retaliation/Harassment

Finally, Tapp alleges he was subjected to retaliation and harassment. (Am. Compl. at 120–21 (Count 3).) Tapp cites three statutes in support of this claim. First, Tapp again cites to the inapplicable California state statute. Tapp also cites to 41 C.F.R. § 60-20.8(b), which applies specifically to federal government contractors and subcontractors. Neither Tapp nor Bob Evans is a federal government contractor or subcontractor. Thus, this section is applicable to this case.

The third statute is an Ohio state statute that makes it an unlawful discriminatory practice to discriminate against another person because that person opposed an unlawful discriminatory practice. The discriminatory practice must be based on race, color, religion, gender, military status, national origin, disability, age, or ancestry. Ohio Rev. Code § 4112.02(A). Tapp does not allege facts plausibly suggesting Bob Evans engaged in a discriminatory practice based on any these criteria.

---

[4] As alleged in the complaint, Tapp was employed at an Ohio Bob Evans restaurant and the alleged unlawful conduct took place in Ohio. Tapp does not allege any unlawful activity took place in California. Moreover, this case was originally brought in Ohio state court, and then removed to this Court.

Tapp has failed to state any cognizable claim for relief for retaliation or harassment.

## IV.  CONCLUSION

For all the aforementioned reasons, Bob Evans' motion to dismiss (Doc. No. 16) is GRANTED and this action is dismissed. Tapp's motion to compel (Doc. No. 20) is DENIED as moot. Pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: May 15, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**